FILED
CLERK OF COURT

2025 APR -7 PH 3: 28

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0161-21**<br>GPD Report No. 21-07321 |
| **v.** | |
| **CHRISWELL EDWIN LUDWIG,**<br>DOB: 07/12/1994 | **DECISION AND ORDER**<br>**GRANTING**<br>**THE PEOPLE'S MOTION**<br>**TO REVOKE PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 28, 2025 for a Revocation Hearing in the above-captioned matter related to Chriswell Edwin Ludwig's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Neil Bonavita. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

### BACKGROUND

On December 30, 2021, Defendant entered a plea of guilty to Family Violence (as a 3rd Degree Felony), Assault of an Unborn Child (as a Misdemeanor), and Violation of a Court Order (as a Misdemeanor). See Judgment of Conviction (Jan. 5, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Decision and Order Granting the People's Motion to Revoke Probation
CF0161-21, *People of Guam v. Chriswell Edwin Ludwig*
Page 1 of 5

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling. CSFC may also, if determined to be appropriate, refer the Defendant to the Domestic Abuse Project Workshop administered through the Adult Probation Office of the Superior Court of Guam, and the Guam Behavioral Health and Wellness Center for intake and assessment, and any other agencies or organizations as deemed appropriate.
- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.
- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.
- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.
- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

On October 12, 2022, this matter came before the Court for Further Proceedings. However, Defendant failed to appear despite being summoned to do so. See Summons (Sep. 20, 2022); Minute Entry (Oct. 12, 2022). A warrant was issued for Defendant's arrest, and Defendant would ultimately be arrested five months later. See Return of Warrant (Mar. 16, 2023).

On October 19, 2023, a Violation Report was filed indicating that Defendant had violated several terms of his probation. For example, Defendant had not yet made any progress on paying off his fines and court costs or working off his community service hours. See Violation Report (Oct. 19,

Decision and Order Granting the People's Motion to Revoke Probation
CF0161-21, *People of Guam v. Chriswell Edwin Ludwig*
Page 2 of 5

2023). It was also made known that Defendant had not reported to the Probation Office or attended his CSFC classes for several months. Id.

On October 25, 2023, this matter again came before the Court for Further Proceedings. However, Defendant again failed to appear despite being summoned to do so. See Summons (Aug. 17, 2023); Minute Entry (Oct. 25, 2023). Another warrant was issued for Defendant's arrest, and Defendant would ultimately be arrested one month later. See Return of Warrant (Dec. 4, 2023).

On December 5, 2023, another Violation Report was filed, indicating that Defendant had been arrested and charged with Driving While Impaired (as a Misdemeanor), Drinking While Driving a Motor Vehicle (as a Misdemeanor), Possession of Opened Container of Alcohol in a Motor Vehicle (as a Misdemeanor), Expired Vehicle Registration (as a Petty Misdemeanor), and Operating a Vehicle Without a Valid License (as a Violation) in CM0403-23. See Violation Report (Dec. 5, 2023).

On February 27, 2025, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Feb. 27, 2025). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 5, 2025).

On March 28, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Mar. 28, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

Decision and Order Granting the People's Motion to Revoke Probation
CF0161-21, *People of Guam v. Chriswell Edwin Ludwig*
Page 3 of 5

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant repeatedly disobeyed this Court's orders and skipped several required hearings. See Minute Entry (Oct. 12, 2022); Minute Entry (Oct. 23, 2023). Furthermore, Defendant has made no progress on paying off his fines or completing his community service hours. See Violation Report (Oct. 19, 2023). And most concerning of all, Defendant is continuing to commit criminal acts while released on probation, having since been arrested and charged in CM0403-23. See Violation Report (Dec. 5, 2023).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Granting the People's Motion to Revoke Probation
CF0161-21, *People of Guam v. Chriswell Edwin Ludwig*
Page 4 of 5

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant's history of repeatedly violating court orders suggests that Defendant will not comply with future orders from the Court or the Probation Office.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this <u>April 7, 202</u>5



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, PDSC_____

Date: 4/7/25 Time: 3:50 pm
Portencio M Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0161-21, *People of Guam v. Chriswell Edwin Ludwig*
Page 5 of 5